[PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-13249

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                                          Plaintiff-Appellee,

*versus*

LARRY LYNN GARY,

                                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00124-JLB-MRM-1

_____

Before WILSON, LUCK, and HULL, Circuit Judges.

PER CURIAM:

Larry Lynn Gary appeals his 180-month sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Gary argues that his sentence was erroneously enhanced because his prior conviction for aggravated assault under Florida law does not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). After careful review of the record, we affirm Gary's 180-month sentence.

## I.    BACKGROUND

### A.    Offense Conduct

On August 6, 2020, law enforcement officers conducted a traffic stop on a Buick sedan because a search of the motor vehicle database records revealed that the Buick's license plate was expired. Defendant Gary was the front passenger in that Buick sedan.

Officers asked the driver and Gary to exit the vehicle so that a canine officer could perform a free air sniff of the vehicle. Gary removed a small, single-strap, blue satchel from around his neck and chest and placed the satchel on the rear floorboard behind the center console.

Gary then exited the vehicle and fled the area on foot, initiating a foot pursuit. While fleeing, Gary dropped a cellphone

21-13249               Opinion of the Court                    3

and a cigarette pack. A canine officer assisted in the chase and located Gary, who was hiding in bushes.

Officers searched the area and seized the cigarette pack which contained a small blue plastic baggie containing 0.5 grams of MDMA. During a search of Gary's satchel, officers seized (1) a firearm loaded with ammunition, (2) a clear plastic baggie containing 6.4 grams of fentanyl, (3) a red baggie containing 1.1 grams of MDMA, and (4) a small digital scale.

**B.     Indictment and Guilty Plea**

In October 2020, a federal grand jury indicted Gary for unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In May 2021, Gary pleaded guilty.

**C.     Presentence Investigation Report ("PSR")**

Gary's PSR assigned him a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). The PSR added four levels under U.S.S.G. § 2K2.1(b)(6)(B) for Gary's possession of "a firearm and ammunition while facilitating, or potentially facilitating, further felonies of Trafficking Fentanyl (4 grams or more) and Possession of MDMA/Controlled Substance." Gary's adjusted offense level was 28.

The PSR increased Gary's offense level from 28 to 33 under U.S.S.G. § 4B1.4(b)(3)(B) because it concluded that Gary qualified as an armed career criminal under the ACCA and U.S.S.G. § 4B1.4(a). Relevant for our purposes, one of the necessary

predicate offenses for the ACCA enhancement and the § 4B1.4 offense-level increase was a 2016 Florida conviction for aggravated assault with intent to commit a felony.

Finally, the PSR reduced Gary's offense level by three under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. This yielded a total offense level of 30.

With a total offense level of 30 and a criminal history category of IV, Gary's advisory guidelines range was 135 to 168 months' imprisonment. The mandatory minimum sentence for a defendant classified as an armed career criminal under the ACCA is 15 years' imprisonment. *See* 18 U.S.C. § 924(e)(1). Accordingly, the PSR recommended an advisory guidelines term of 180 months' imprisonment.

### D.    Sentencing and Appeal

Before and at sentencing, Gary argued that he was not an armed career criminal under the ACCA and objected to the application of the § 4B1.4 offense-level increase. The district court overruled those objections, adopted the calculations in the PSR, and sentenced Gary to 180 months' imprisonment, followed by three years of supervised release. Gary timely appealed.

## II.    DISCUSSION

In this direct appeal, Gary does not challenge his guilty plea or his conviction. Rather, Gary challenges his sentence and the district court's determination that he qualified as an armed career criminal under the ACCA.

21-13249               Opinion of the Court                        5

Gary argues that his sentence was erroneously enhanced because his prior conviction for aggravated assault under Florida law does not qualify as a violent felony under the ACCA. We review de novo whether a defendant's prior conviction qualifies as a crime of violence for purposes of the ACCA. *United States v. Deshazior*, 882 F.3d 1352, 1354 (11th Cir. 2018).

The ACCA requires a 15-year minimum prison sentence for a defendant who possesses a firearm, in violation of 18 U.S.C. § 922(g), and has three or more prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). The ACCA's elements clause in 18 U.S.C. § 924(e)(2)(B)(i) defines a "violent felony" as any crime punishable by more than one year in prison that "has as an element the use, attempted use, or threatened use of physical force" against another person. *Id.* § 924(e)(2)(B)(i). A defendant subject to the ACCA's enhanced sentence is likewise deemed an armed career criminal under the Sentencing Guidelines. *See* U.S.S.G. § 4B1.4(a).

To determine whether a defendant's prior conviction qualifies as a violent felony for purposes of an ACCA enhancement, courts employ a "categorical approach," in which they look "only to the statutory definitions of the prior offenses" rather than the underlying facts of the prior conviction. *Shular v. United States*, 589 U.S. ----, 140 S. Ct. 779, 783 (2020) (quotation marks omitted). If the least serious conduct criminalized by the statute does not necessarily involve "the use, attempted use, or threatened use of physical force," then the statute of conviction does not

categorically match the federal standard and does not qualify as an ACCA predicate offense. *Borden v. United States*, 593 U.S. ----, 141 S. Ct. 1817, 1822 (2021).

In Fla. Stat. § 784.011(1), Florida defines a simple "assault" as an "intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011(1). In turn, Florida defines an "aggravated assault" as "an assault" that is committed either:

(a) [w]ith a deadly weapon without intent to kill; or

(b) [w]ith the intent to commit a felony.

*Id*. § 784.021(1). So the first element of an aggravated assault under § 784.021(1) is an "assault," which is defined in § 784.011(1).

In *Borden v. United States*, the Supreme Court held that a criminal offense that requires only a mens rea of recklessness cannot qualify as a "violent felony" under the ACCA. 593 U.S. at ----, 141 S. Ct. at 1829–30 & n.6 (plurality opinion); 593 U.S. at ----, 141 S. Ct. at 1835 (Thomas, J., concurring).

In light of *Borden*, this Court certified questions to the Florida Supreme Court in defendant Somers's pending appeal to this Court where Somers was previously convicted of aggravated assault under § 784.021(1). *See Somers v. United States*, 15 F.4th 1049, 1051, 1056 (11th Cir. 2021) ("*Somers I*"). This Court certified

questions regarding the mens rea required for a Florida simple assault offense under § 784.011(1). *See id.* at 1056.

The Florida Supreme Court held that, based on the plain language of Florida's assault statute—§ 784.011(1)—an "assault" offense under Florida law requires a mens rea of at least knowing conduct and "an intentional threat to do violence to another person." *See Somers v. United States*, 355 So. 3d 887, 891–93 (Fla. 2022) ("*Somers II*"). In other words, assault under § 784.011(1) demands the intent to direct a threat at another person and therefore cannot be violated by a reckless act. *Id.*

Thereafter, this Court addressed whether defendant Somers's Florida conviction for aggravated assault with a deadly weapon under § 784.021(1)(a) qualifies as a violent felony under the elements clause of the ACCA. *See Somers v. United States*, 66 F.4th 890, 892 (11th Cir. 2023) ("*Somers III*"). With the benefit of the Florida Supreme Court's answer to the mens rea required for a simple assault offense, this Court held that an aggravated assault conviction under § 784.021(1) "cannot be committed with a mens rea of recklessness," "requires knowing conduct," and "therefore qualifies as a 'violent felony' under the ACCA." *See id.* at 893–94. In conclusion, this Court held "that aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause." *Id.* at 896.

Gary argues that the Florida Supreme Court's decision in *Somers II* does not resolve the issue in his case because that court addressed only simple assault under § 784.011(1), not aggravated

assault under § 784.021(1)—which is the crime that enhanced his sentence.

Gary ignores that the first element of an aggravated assault crime under § 784.021(1) is an "assault," as defined by § 784.011(1). Indeed, in *Somers II*, the Florida Supreme Court reasoned that simple assault *always* requires the intentional threat to do violence and therefore cannot be accomplished via a reckless act. 355 So. 3d at 891; *see also Somers III*, 66 F.4th at 896 ("The Florida Supreme Court has told us unambiguously that assault under Florida law requires a mens rea of at least knowing conduct; it cannot be committed recklessly.").

Under Florida law, as shown above, the definition of an aggravated assault crime incorporates the definition of simple assault. *See* Fla. Stat. § 784.021(1) (defining aggravated assault as "*an assault*" either "(a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony" (emphasis added)). So it does not matter which condition—either with a deadly weapon under § 784.021(1)(a) or intent to commit a felony under § 784.021(1)(b)—transforms a simple assault into an aggravated assault because the mens rea for the underlying simple assault is sufficient to meet *Borden*'s requirement that the crime be committed with intent. *See Somers III*, 66 F.4th at 894–96.

In sum, Gary's aggravated assault conviction under Fla. Stat. § 784.021(1)(b) categorically qualifies as a violent felony under the ACCA because, as our precedent in *Somers III* confirmed, Florida's aggravated assault statute requires an intentional threat to use

violence against another person, regardless of whether it is committed under § 784.021(1)(a) or (b). *See id.* at 892, 894, 896. Therefore, Gary has the requisite three predicate offenses under the ACCA, and the district court did not err in sentencing him as an armed career criminal. We thus affirm Gary's 180-month sentence.

**AFFIRMED.**